In the Matter of LENA MARCUS, Petitioner, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Constituting the New York Temporary State Housing Rent Commission, Respondent.

Supreme Court, Special Term, Kings County, July 10, 1951.

*Carb, Reichman & Luria* for petitioner.

*Robert H. Schaffer* for respondent.

BARTELS, J. Application under article 78 of the Civil Practice Act by petitioner to review the determination of the Temporary State Housing Rent Administrator and for an order annulling the certificate of eviction previously issued.

The record discloses that the landlord of the subject premises, a two-family house, sought a certificate of eviction for the petitioner's eight-room apartment on the first floor on the ground that his apartment was overcrowded and inadequate. The landlord's family consists of seven persons, and he, his wife and three children occupy one bedroom. The local administrator, based upon the facts submitted, found that the landlord had established the good faith and compelling necessity required by the law at that time and granted a certificate of eviction with the customary three-month stay. Upon protest the original determination was adhered to by the respondent. After the institution of an article 78 proceeding by the petitioner the matter was reopened by the respondent, a hearing was held and an inspection of the premises was made. Upon completion of the hearing and reinvestigation the respondent again adhered to its original determination and found that under the then existing law and regulations the landlord had complied with the statutory requirement of good faith and again denied the protest of petitioner on April 24, 1951. The respondent properly found that the landlord had upon the original application established the good faith and compelling necessity required by the statute. The conversion of the apartment from a seven-room to a six-room apartment did not create the necessity. Rather it was the increase in the size of the landlord's family that caused the necessity for the apartment. In any event, under the law and regulations as they existed on the reopening of the protest, it was not necessary to establish compelling necessity when seeking an apartment in a two-family house. Whether the landlord or tenant insisted on the execution of the lease at an increased rental and whether the basement was usable or in violation of the law was a question of fact which the respondent found against the petitioner predicated upon the hearing, investigation and study of the entire record. Such determination was not arbitrary or capricious.

Petitioner claims that effective April 4, 1951, the Rent and Eviction Regulations of the Temporary State Housing Rent Commission were changed to eliminate the requirement of proving immediate and compelling necessity and that by reason thereof the protest was denied solely upon the alleged showing

of good faith, whereas if the ruling had been made upon both grounds or had the administrator granted the protest and forced the landlord to commence proceedings anew, the petitioner would have had an additional three months' waiting period. The basis of this reasoning is that the landlord's application must be deemed in the same category as though she had made her application after April 14, 1951. This argument is specious and without merit. The petitioner received from the local rent administrator, when he issued a certificate of eviction on August 25, 1950, the three months' stay required by subdivision 2 of section 54 of the regulations. There is nothing in the law or regulations that directs a stay of a waiting period when an aggrieved party protests or appeals. The reopening of the protest has already worked to the petitioner's advantage in giving her additional time and she is in no position to complain. There being a rational basis in the record and warrant in law for the respondent's determination, the petition is dismissed. Settle order on notice.